Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7495 | **DATE** | 3/13/2013 |
| **CASE TITLE** | United States v. Eason | | |

## DOCKET ENTRY TEXT

For these reasons, Eason's § 2255 motion is denied. Moreover, the Court declines to issues a certificate of appealability. Civil case terminated.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Edward Eason was sentenced to 160 months imprisonment after he pled guilty to committing five bank robberies in 2007 and 2008. The judgment of this Court was affirmed on appeal. *United States v. Eason*, 432 Fed. Appx. 626 (7th Cir. 2011). In his 28 U.S.C. § 2255 motion, which is currently pending before this Court, Eason raises three grounds for relief: (1) a violation of the Speedy Trial Act; (2) his conviction was obtained by use of a coerced confession; and (3) ineffective assistance of counsel. Although given an opportunity to do so, Eason did not file a timely reply; thus, the Court will rule without the benefit of a reply.

Eason first contends that his rights under the Speedy Trial Act were violated. As an initial matter, this claim is procedurally defaulted. A § 2255 proceeding is "neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Thus, there are three claims that a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been, but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). Because the Speedy Trial Act claim could have been raised on appeal and was not, it is procedurally defaulted. To the extent Eason raises a speedy trial claim based on the Sixth Amendment, Eason fails to demonstrate cause and prejudice from the failure to appeal the issue. In any event, the Court orally denied without prejudice Eason's motion to dismiss the indictment for Speedy Trial Act violations due to a lack of documentation, and Eason did not renew the motion; thus, the issue is waived. This ground for relief is denied.

Eason filed a motion to suppress the confession he gave after his arrest. *Eason*, 432 Fed. Appx. at 627. After a hearing, this Court denied the motion, in part because it found Eason not credible. *Id.* at 627-28. While acknowledging the motion to suppress was denied, Eason states that his confession "was obtained

12C7495 United States v. Eason

Page 1 of 2

## STATEMENT

[after] well over six hours of being questioned, even after invoking my right to an attorney once I refused to talk without an attorney." (§ 2255 Motion, Dkt. # 1 at 4.) The Court already addressed Eason's grounds for suppressing his confession and found him not believable, and the Seventh Circuit found no clear error in that determination. *Eason*, 432 Fed. Appx. at 629. Eason now argues the Court got it wrong but offers no evidentiary basis on which the Court should revisit its decision. This ground for relief is denied.

Finally, Eason asserts that his trial counsel was ineffective for failing to "consolidate" his Illinois and Indiana cases. A petitioner bears a "heavy burden in proving that [his] attorney rendered ineffective assistance of counsel." *United States v. Holland*, 992 F.2d 687, 691 (7th Cir. 1993). To prevail, the petitioner must establish that: (1) his attorney's representation "fell below an objective standard of reasonableness"; and (2) his defense was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner bears the burden of both proof and persuasion that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment . . . [and] that the deficient performance prejudiced the defense." *United States v. Davenport*, 986 F.2d 1047, 1049 (7th Cir. 1993) (*quoting Strickland*, 466 U.S. at 687). Courts must presume that counsel is effective. *Cullen v. Pinholster*, — U.S. ---, 131 S.Ct. 1388, 1403 (2011). Although Eason provides no factual background for the claim, the government notes that after pleading guilty in the instant case, Eason pled guilty to additional bank robberies in Indiana. (Gov't.'s Resp., Dkt. # 9, at 8.) Assuming this is correct, Eason offers no reason or evidentiary basis establishing that failing to seek consolidation or global resolution of the cases constituted deficient performance or was prejudicial to him. Eason also asserts that during his interview for his presentence investigation report in this case, his counsel told him that he would not be prosecuted for the Indiana bank robberies, but he later was. Again, however, Eason fails to demonstrate how his counsel's opinion about whether he would be prosecuted for offenses in another jurisdiction constitutes deficient representation or prejudiced him in this case.

For these reasons, Eason's 2255 motion is denied. Moreover, the Court declines to issues a certificate of appealability. Civil case terminated.